Jorge Alejandro Rojas
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582

FEE PAID

```
                    FILED
            CLERK, U.S. DISTRICT COURT

                  6/15/22

        CENTRAL DISTRICT OF CALIFORNIA
        BY: ____EEE____ DEPUTY
```

### IN THE UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ALEJANDRO ROJAS,<br><br>      Plaintiff,<br><br>vs.<br><br>OWNER OF TELEPHONE NUMBER<br>310-955-5813,<br><br>      Defendant. | Case No.: 2:22-CV-04100-FLA(PVCx)<br><br>COMPLAINT FOR:<br>VIOLATIONS OF THE TELEPHONE<br>CONSUMER PROTECTION ACT, 47<br>U.S.C. § 227 |

Plaintiff, Jorge Alejandro Rojas, brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, and its implementing regulations, against the Owner of Telephone Number 310-955-5813, "Defendant", and alleges based on personal knowledge and information and belief, as follows:

**INTRODUCTION**

1. One thing is for certain, this telemarketer is good, very sneaky, and smart. But these characteristics are not an affirmative defense to violating federal law, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Defendant is being fictitiously named here because its true name is not yet known. Plaintiff has reasonably inquired as to their identity and has been unable to identify the true indispensable party. The Court's assistance, via subpoena power, will be requested to help facilitate the proper naming and service of the allegedly responsible entity.

2. As the Supreme Court has explained, Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones. *See Barr v. Am. Ass'n of Political Consultants, 140 S. Ct. 2335, 2343 (2020).*

3.  Plaintiff brings this action against Defendant for violations of the TCPA, 47 U.S.C. § 227, and its implementing regulations, 47 C.F.R § 64.1200.

4.  This case involves a campaign by Defendant to obtain business via itself or affiliates making telemarketing calls to solicit business, specifically, to perform home repair and construction services without the required consent from the called party.

## JURISDICTION AND VENUE

5.  This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331.

6.  This Court has personal jurisdiction over Defendant as it regularly and systemically conducts business in the state of California. Specifically, the Defendant conducts significant business in the State. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

7.  Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

8.  Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 3

9. Defendant Owner of Telephone Number 310-955-5813 ("Defendant") is a fictitiously named Defendant, and operates the telephone number 310-955-5813, and may be an individual or other organization. Defendant utilized the telephone number as a callback number for their telemarketing activities. Plaintiff will substitute the party following identification.

10. Defendant is a person as defined by 47 U.S.C. § 153(39).

11. Defendant acted through its agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATUTORY BACKGROUND

12. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012).

13. The TCPA makes it unlawful to make calls using an automatic telephone dialing system ("ATDS") without the call recipient's prior express consent.

14. The TCPA provides a private cause of action to persons who receive such automated or pre-recorded calls. *See* 47 U.S.C. § 227(b)(3).

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 4

15. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]" *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

16. The TCPA's definition of telephone solicitation applies to the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

17. The TCPA's definition of unsolicited advertisement applies to "means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

18. The TCPA requires entities and persons engaging in telemarketing meet minimum standards, including training their personnel concerning the rules regarding telemarketing. 47 C.F.R. §§ 64.1200(d)(1)-(d)(3); 47 C.F.R. § 64.1200(b).

## **FACTUAL ALLEGATIONS**

19. At all times relevant hereto, Plaintiff maintained and used a residential cellular telephone line, with phone number (424) XXX-1582. The phone number is not associated with a business and is used by Plaintiff solely.

20. Plaintiff is the account holder and customary user of his phone number.

21. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008. **Exhibit 1.**

22. Plaintiff registered his phone number on the Do Not Call list to obtain solitude from invasive and harassing telemarketing calls. The calls prevented Plaintiff from using his phone for legitimate purposes.

23. Defendant is a construction company and/or a call center on behalf of a construction center engaging in telemarketing to obtain business.

24. Plaintiff alleges Defendant, to the extent it is a call center, that any construction company for which it is generating calls for is also liable for the conduct alleged in the Complaint. Plaintiff also alleges that Defendant may have made other telephone calls prior to the Call 1 identified below, which will be identified further in discovery.

25. **Call 1.** On June 13, 2022, at 12:07 PM Chicago time, Plaintiff received a telephone call from Defendant, from 424-410-8785.

26. When Plaintiff picked up the telephone, he heard a beep, followed by a longer than natural pause, followed by a "John Stevens" who stated he was with "SC Home Group" doing construction work in the area.

27. The call was made for the purposes of soliciting construction work projects.

28. Mr. Stevens, when asked to provide a website or licensing information, stated he did not have one, but would have one soon.

29. Mr. Stevens provided a call back number of 310-955-5813, which is different than the number called from.

30. When Plaintiff called the call back number on June 14, 2022, an immediate answering machine played message "you have reached the home group, please leave a message and we will get back to you shortly."

31. Upon information and belief, the call back number provided is assigned to Carrier Bandwidth.com.

32. Plaintiff performed a search of the California State Licensing Board for "SC Home Group" and identified several active companies that have similar, but not identical, names. Similarly, a search of the California Corporation Database identifies no companies with that name.

33. Plaintiff believes that the caller did not properly state who they were from and is using ambiguous names to evade TCPA liability, which falls short of the TCPA regulations identification and disclosure requirements.

34. The above calls were made by Defendant for the purpose of soliciting the purchase or the sale of a product or service, specifically, repairs and construction work for homes.

35. The conduct alleged in this action was made willful and knowingly, including for example failing to fully disclose identity.

36. The TCPA requires telemarketers to provide training to its employees, contractors, etc., and Defendant have failed to properly train the same.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 8

37. Defendant's phone calls utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.

38. Plaintiff did not have a prior business relationship with Defendant.

39. Defendant did not have any consent to call Plaintiff.

40. Defendant is not an organization exempt from the TCPA.

41. Defendant's calls to Plaintiff were a "telephone solicitation."

42. Defendant's calls to Plaintiff were an "unsolicited advertisement."

43. Upon information and belief, Plaintiff received additional calls from Defendant and its affiliates not included above.

44. Plaintiff alleges that Defendant train its affiliates to avoid divulging too much information to leads and customers to evade TCPA liability.

45. Defendant made further efforts to conceal their identity by transmitting a deceptive telephone number with a local area telephone codes to Plaintiff's telephone caller identification ("Neighbor Spoofing"). Neighbor Spoofing is done to deceive the called party into believing the telemarketer is a local person or business, increasing the likelihood that the telemarketing call will be answered.

46. The impersonal and generic nature of the calls demonstrate Defendant utilized an ATDS and/or a pre-recorded voice in making the calls.

47. In total, Defendant and/or its affiliates placed at least one (1) telephone solicitation calls to Plaintiff.

48. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation, and a sense that his privacy has been invaded by Defendant.

49. Defendant has a pattern and practice of failing to comply with the TCPA.

50. The foregoing acts and omissions were in violation of the TCPA.

51. Defendant are engaging in violations of the TCPA to get business.

52. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

53. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, Plaintiff is entitled to treble damages of up to $1,500.00 for each call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

54. The acts and omissions of Defendant constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

55. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

56. Plaintiff is also entitled to an award of costs.

57. Defendant's calls were not made for "emergency purposes."

58. Defendant's calls to Plaintiff were made without any prior express written consent.

59. Defendant contacted Plaintiff even though Plaintiff was on the Do Not Call Registry.

60. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton, and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

61. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively, and fraudulently and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

62. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

63. Plaintiff, in discovery will better identify how many telephone calls were made by Defendant and or its agents or affiliates, and requests leave to amend the complaint after identifying the instance count.

**COUNT 1.** Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)

64. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

65. Defendant or one of its affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least one (1) occasion in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.

66. Plaintiff was statutorily damaged at least one (1) time under 47 U.S.C. § 227(b)(3)(B) by the Defendant by the telephone calls described above, in the amount of $500.00 for each.

67. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

1   WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor

2   and against, Defendant, in an amount of $1,500.00 plus costs and any other remedy

3   deemed appropriate.

4   **COUNT 2.** Violation concerning Identification of Sellers and Telemarketers, 47
    C.F.R. § 64.1200(d)(4)

5       68. Plaintiff incorporates the foregoing paragraphs as through the same were

6           set forth at length herein.

7       69. The TCPA's implementing regulations require that the caller provide the

8           called party the name of the individual caller, the name of the person or

9           entity on whose behalf the call is made, and a telephone or address where

10          the person may be reached. 47 C.F.R. § 64.1200(b); 47 C.F.R §

11          64.1200(d)(4).

12      70. Defendant violated this provision during the telephone call by not

13          identifying itself adequately during the call.

14      71. Plaintiff was statutorily damaged at least one (1) time under 47 U.S.C. §

15          227(c)(5)(B) by the Defendant by the telephone calls described above, in

16          the amount of $500.00 for each of the one (1) telephone calls where a

17          failure to properly identify was made.

18

19

20

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 13

1    WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor

2    and against, Defendant, in an amount of $500.00 plus costs and any other remedy

3    deemed appropriate.

4         **COUNT 3.** <u>Violation concerning written policies and training of personnel</u>
<u>engaging in telemarketing, 47 C.F.R. §§ 64.1200(d)(1)-(d)(2)</u>

5    72. Plaintiff incorporates the foregoing paragraphs as through the same were

6        set forth at length herein.

7    73. The TCPA's implementing regulations require that the entities making

8        telephone calls maintain written policies, available upon demand,

9        concerning their do-not-call policy. 47 C.F.R. § 64.1200(d)(1).

10   74. The TCPA's implementing regulations require that the entities making

11       telephone calls train its personnel engaging in telemarketing. 47 C.F.R. §

12       64.1200(d)(2).

13   75. Defendant violated these provisions by failing to provide training to

14       personnel including the caller on the rules concerning disclosure of identity

15       and the required consent.

16   76. Plaintiff was statutorily damaged at least one (1) time under 47 U.S.C. §

17       227(c)(5)(B) by the Defendant for the violations described above, in the

18       amount of $500.00 for the failure to train employees regarding the TCPA.

19

20

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 -
14

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendant, in an amount of $500.00 plus costs and any other remedy deemed appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendant, in an amount to be more fully determined at trial, but at least $2,500.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered,

B. Statutory damages of $500.00 per call for every violation of 47 U.S.C. § 227(b),

C. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C),

D. Statutory damages of $500 for a violation of 47 C.F.R. §§ 64.1200(d)(1)-(d)(4).

E. All reasonable attorneys' fees, witness fees, court costs, pre-judgment and post-judgment interest, and other litigation costs incurred by Plaintiff,

F. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future,

1    G. Leave to amend this Complaint to conform to the evidence presented at

2        trial,

3    H. Any other relief this Court deems proper.

4        Respectfully submitted,

5        Dated: June 15, 2022

6                                                    JORGE ALEJANDRO ROJAS
                                                     Rojas.jorge96@gmail.com
7                                                    Plaintiff in Pro Se
                                                     557 Cambridge Way
8                                                    Bolingbrook, IL 60440
                                                     (424) 219-1582

9

10

11

12

13

14

15

16

17

18

19

20

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 -
16