Jorge Alejandro Rojas
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ALEJANDRO ROJAS, | Case No.: 2:22-cv-04100-FLA-PVC |
| Plaintiff, | |
| vs. | Judge Fernando L. Aenlle-Rocha<br>Magistrate Judge Pedro V. Castillo |
| OWNER OF TELEPHONE NUMBER 310-955-5813, | **DISCOVERY MATTER** |
| Defendant. | **EX PARTE APPLICATION FOR SUBPOENA DUCES TECUM TO DETERMINE IDENTITY OF DEFENDANT** |

Plaintiff, Jorge Alejandro Rojas ("Plaintiff"), respectfully applies to this Court *ex parte* to grant him permission to have the Clerk of the Court issue a Fed. R. Civ. P. 45 subpoena duces tecum directed at GoTo Communications, Inc to determine

the identity of the true Defendant(s) in this matter. The subpoena requested is narrow, limited, and restricted. In support thereof, Plaintiff states as follows:

**L.R. 7-19 Statement.** Pursuant to L.R. 7-19, Plaintiff is unaware of counsel for any opposing party because the Defendant is a fictitious placeholder entity. The reason for seeking the order is that Plaintiff must identify the proper identity of Defendant via a subpoena. Plaintiff was therefore unable to confer with any Defendant prior to the filing of this application.

Plaintiff commenced this action on June 15, 2022, alleging Defendant Owner of Telephone Number 310-955-5813, violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by calling Plaintiff at least once for the purposes of solicitation using an automatic telephone dialing system. Dkt. 1. The Defendant in this case has been able to be secret and conceal its identity. However, that does not give it the right to violate federal law without penalty. The requested subpoena is sought to identify the true owners and entities behind a callback telephone number provided to Plaintiff over the phone during the telephone call.

As alleged, on June 13, 2022, Plaintiff received a telephone call from Defendant, using a spoofed number, which utilized an automatic telephone dialing system ("ATDS"). Dkt. 1 ¶ 25. However, during the telephone call, the caller identified himself as working for "SC Home Group," (Dkt. 1 ¶ 26) and provided a callback number of 310-955-5813 (Dkt. 1 ¶ 29), which is different than the spoofed number

called from. Plaintiff called 310-955-5813 on June 14, 2022, and an immediate answering system played the message "you have reached the home group, please leave a message and we will get back to you shortly." Dkt. 1 ¶ 30. Plaintiff believes that the identity of the telephone number 310-955-5813's owner, is the identity of the entity behind the telephone call alleged in the Complaint.

On July 12, 2022, Plaintiff moved *ex parte* for a subpoena directed at Bandwidth CLEC LLC for records concerning the telephone number. Dkt. 11. The Court granted the application on July 19, 2022. Dkt. 12. On August 15, 2022, Bandwidth Inc, a subsidiary of Bandwidth CLEC LLC, produced records identifying the wholesale customer of the telephone number as GoTo Communications, Inc. This entity is *not* the telemarketer, but instead the next entity in the chain of the telephone number. GoTo Communications, Inc will either have the records identifying the end user of the telephone number at issue, or the identity of the next wholesale customer.

Plaintiff requests the Court grant the issuance of the following subpoena:

- Identifying information including account owner name, mailing address, e-mail(s), IP addresses used to access or create account, telephone number, billing address, company name, for the telephone number 310-955-5813, as of June 13, 2022.

The requested information will not prejudice any party. Plaintiff is currently prejudiced not being able to bring his claims against the true indispensable entity in this case because of Defendant's actions. The owner of the telephone number will have an opportunity to oppose the requested subpoena, to the extent it is granted, by seeking to quash the same, as the subpoena'd entities should provide their customers notice. The owner, to the extent they are not the telemarketer, will have an opportunity to oppose the lawsuit following amendment of the complaint. Whoever is behind "SC Home Group" is operating behind that ambiguous name in order to avoid identification and liability under the TCPA.

Fed. R. Civ. P. 26 gives the Court wide discretion to manage the discovery process. While expedited and early discovery is not the norm, situations like this support it. Defendant is currently allegedly making telemarketing calls without the required consent being received from the caller. In situations where discovery is requested early, Courts consider the entirety of the record to date, and the reasonableness of the request. The record to date establishes a prima facie case of violations of the TCPA. Plaintiff alleges Defendant has called Plaintiff at least once utilizing an ATDS despite not having the required consent to do so.

On a showing of "good cause," a Court may allow early discovery. *Semitool, Inc v. Tokyo Electron America, Inc*., 208 F.R.D. 273, 276 (N.D. Cal. 2002). Good cause may exist where "the need for expedited discovery, in consideration of the

4

1   administration of justice, outweighs the prejudice to the responding party." *Id.* In

2   evaluating a claim of good cause, courts in the Ninth Circuit regularly consider "(1)

3   the concreteness of plaintiff's showing of a prima facie claim of actionable harm;

4   (2) the specificity of the discovery requests; (3) the absence of alternative means to

5   obtain the subpoenaed information; (4) the need for subpoenaed information to

6   advance the claim; and (5) defendant's expectation of privacy." *Strike 3 Holdings,*

7   *LLC, v. Doe*, 2022 WL 657932 at *1 (E.D. Cal. 2022) (citing *Arista Records LLC*

8   *v. Doe 3,* 604 F.3d 110, 119 (2d Cir. 2010)).

9        As the Court noted in its prior order, "Plaintiff has established good cause

10   for expedited discovery." Dkt. 12 at 2. Plaintiff satisfies factor 1 because he states

11   a claim under the TCPA. Plaintiff satisfies factors 2 and 4 because the subpoena is

12   limited in nature to allow identification of the Defendant, amend the complaint, and

13   effect service of process. Plaintiff is unable to identify any alternative way of

14   obtaining contact information for the party operating the telephone number (factor

15   3). Plaintiff attempted to get the information needed from the caller but the caller

16   refused to provide it, likely because they are aware their actions violate the TCPA.

17   Finally, there should be no significant privacy interest in the commercial

18   transaction between an individual or entity operating a telemarketing scheme and

19   the telephone provider (factor 5).

20

The requested information is sought ex parte because pursuant to the discovery rules, Plaintiff has not been able to hold a Rule 26 conference as the Defendant has yet to be identified. Plaintiff is unaware of any counsel for Defendant and has been unable to confer with them.

Plaintiff requests the Court grant this request. Plaintiff will then request the Clerk issue the requested subpoena. Following being provided the requested information, Plaintiff will amend the Complaint to reflect the correct indispensable party and begin service of process. A proposed order is included with this filing.

Respectfully submitted,

Dated: August 15, 2022

*/s/ Jorge Alejandro Rojas*
JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582

## CERTIFICATE OF SERVICE

As this is an ex parte application for which no Defendant has been identified yet, no copy of this filing was provided to any Defendant.

6