FILED
CLERK, U.S. DISTRICT COURT

8-23-2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ tf _____ DEPUTY

1  Jorge Alejandro Rojas
   Rojas.jorge96@gmail.com
2  Plaintiff in Pro Se
   557 Cambridge Way
3  Bolingbrook, IL 60440
   (424) 219-1582
4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10  JORGE ALEJANDRO ROJAS,          Case No.:  2:22-cv-04100-FLA-PVC

11            Plaintiff,

12  vs.                             AMENDED COMPLAINT FOR:
                                    VIOLATIONS OF THE TELEPHONE
13  RONEN OHAYON, JOSEPH DANIEL     CONSUMER PROTECTION ACT, 47
    RUFFIN, ANASTAS EDDIE           U.S.C. § 227
14  ARUTYUNYAN, and ALL STATE
    REMODELING INC,

15            Defendants.

16

17

18

19  AMENDED COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47
    U.S.C. § 227 - 1
20

Plaintiff, Jorge Alejandro Rojas, brings this Amended Complaint[1] under the Telephone Consumer Protection Act, 47 U.S.C. § 227, and its implementing regulations, against Ronen Ohayon ("Ohayon"), Joseph Daniel Ruffin ("Ruffin"), Anastas Eddie Arutyunyan ("Arutyunyan") and All State Remodeling Inc ("All State"), collectively "Defendants", and alleges based on personal knowledge and information and belief, as follows:

## **INTRODUCTION**

1. One thing is for certain, this telemarketer is good, very sneaky, and smart. But Defendants were unable to cover all their tracks, and these characteristics are not an affirmative defense to violating federal law, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. This case commenced while Defendants were fictitiously named as the owner of the telephone number Defendant was operating to collect the calls from their

---

[1] Plaintiff files this Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(A).

AMENDED COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 2

telemarketing scheme. Plaintiff sought the *ex parte* issuance of subpoenas to identify Defendants[2], which are now named.

2. As the Supreme Court has explained, Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones. *See Barr v. Am. Ass'n of Political Consultants, 140 S. Ct. 2335, 2343 (2020).*

---

[2] On August 22, Plaintiff filed a third application for issuance of subpoenas directed at records in the custody of Grasshopper Group. Dkt. 21. At around the same time as filing that application, GoTo Communications, the target of the second subpoena (Dkts. 18, 19), of which Grasshopper is a subsidiary, produced the responsive records identifying the Defendants in this case. Grasshopper Group nevertheless requests that Plaintiff provide them with a subpoena in Grasshopper's name – even if it is after responsive records have been produced.

AMENDED COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 3

3.   Plaintiff brings this action against Defendants for violations of the TCPA, 47 U.S.C. § 227, and its implementing regulations, 47 C.F.R § 64.1200.

4.   This case involves a campaign by Defendants to obtain business via itself or affiliates making telemarketing calls to solicit business, specifically, to perform home repair and construction services without the required consent from the called party.

### JURISDICTION AND VENUE

5.   This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331.

6.   This Court has personal jurisdiction over Defendants as they regularly and systemically conduct business in the state of California. Specifically, the Defendants conduct significant business in the State. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Defendants are incorporated in this State.

7.   Venue is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

8.   Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.

AMENDED COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 4

9. Defendant Ronen Ohayon is the sole officer of All State Remodeling, Inc and resides at 12202 Miranda Street Valley Village, CA 91607.

10. Defendant Joseph Daniel Ruffin ("Ruffin") is located at 12803 Burbank Blvd Apt B, Valley Village, CA 91607.

11. Defendant Anastas Eddie Arutyunyan ("Arutyunyan") is the Responsible Managing Officer of Defendant All State Remodeling Inc and is located within this district.

12. Defendant All State Remodeling Inc ("All State") is a California entity, with a registered agent of Ronen Ohayon at address of 12202 Miranda Street Valley Village, CA 91607.

13. Defendants are each a person as defined by 47 U.S.C. § 153(39).

14. Defendants acted through their agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATUTORY BACKGROUND

15. In 1991, Congress enacted the TCPA to regulate the explosive growth of the automated calling industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]"

Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

16. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *See* 47 U.S.C. § 227(b)(1)(A)(iii).

17. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live calls, and such calls can be costly and inconvenient.

18. The TCPA provides a private cause of action to persons who receive such automated or pre-recorded calls. *See* 47 U.S.C. § 227(b)(3).

19. "Non-emergency prerecorded voice or autodialed calls to [the destinations enumerated in 47 U.S.C. § 227(b)(1)(A)] are permissible only with the prior express consent of the called party." This includes any non-consensual calls made for non-emergency purposes, regardless of whether or not they are informational, telemarketing, telephone solicitations, or similar such calls. *See* FCC Enforcement Advisory: Tel. Consumer Prot. Act Robocall & Text Rules - Biennial Reminder for Pol. Campaigns About Robocall & Text Abuse, 31 FCC Rcd. 1940, 1941 n.6 (2016) [hereinafter FCC Advisory].

20. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:

[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written

AMENDED COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 7

agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]" *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

21. The TCPA's definition of telephone solicitation applies to the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

22. The TCPA's definition of unsolicited advertisement applies to "means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

23. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

AMENDED COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 8

24. A listing on the Registry "must be honored indefinitely, or until the registration is canceled by the consumer or the telephone number is removed by the database administrator." *Id.*

25. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers whose numbers are on the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R § 64.1200(c)(2).

26. The TCPA requires entities and persons engaging in telemarketing meet minimum standards, including training their personnel concerning the rules regarding telemarketing. 47 C.F.R. §§ 64.1200(d)(1)-(d)(3); 47 C.F.R. § 64.1200(b).

27. Under the TCPA, an individual may be personally liable for the acts alleged in the Complaint pursuant to 47 U.S.C. § 217 of the TCPA, which reads, inter alia:

"[T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of

AMENDED COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 9

his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user *as well as of that person.*" (*emphasis* added)

28. When considering individual officer liability under the TCPA, other Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See, e.g., Jackson Five Star Catering, Inc. v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'"); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

29. Individual Defendants directed and oversaw the telemarketing activity in progress, including selecting any third-party affiliate to make the call, exercised control over those affiliates, and any other employees who made the telephone calls.

30. Employees can be held liable in TCPA actions for unlawful conduct.

31. The individual defendants in this case personally participated in the actions complained of by: (a) personally selecting the phone numbers that would be called; (b) approving the scripting that would be used on the calls; (c) selecting and managing the dialing equipment or supplier of the same used to make the calls; and (d) personally paying for the calls.

32. The restriction against using an ATDS or prerecorded message to call a number applies to any non-emergency, non-consensual call, regardless of its purpose, regardless of whether they are telephone solicitations (as in survey or political calls), and regardless of whether the individual called in on any do-not-call registry. *See Perrong v. Victory Phones LLC,* No. CV 20-5317, 2021 WL 3007258, at *6 (E.D. Pa. July 15, 2021). This is clearly indicated by the fact that the TCPA prohibits "any person" from initiating "any call" using an ATDS. *See* id.

## **FACTUAL ALLEGATIONS**

33. At all times relevant hereto, Plaintiff maintained and used a residential cellular telephone line, with phone number (424) XXX-1582. The phone number is not associated with a business and is used by Plaintiff solely.

34. Plaintiff is the account holder and customary user of his phone number.

AMENDED COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 11

35. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008.

36. Plaintiff registered his phone number on the Do Not Call list to obtain solitude from invasive and harassing telemarketing calls. The calls prevented Plaintiff from using his phone for legitimate purposes.

37. Defendants are a construction company and/or a call center, and its officers, employees, and/or contractors, on behalf of a construction center engaging in telemarketing to obtain business.

38. Plaintiff alleges Defendants, to the extent they are operating a call center, that any construction company for which it is generating calls for is also liable for the conduct alleged in the Complaint. Plaintiff also alleges that Defendant may have made other telephone calls prior to the Call 1 identified below, which will be identified further in discovery.

AMENDED COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 12

39. **Call 1**[3]**.** On or about May 18, 2022, at 11:22 AM Chicago time, Plaintiff received a telephone call from Defendant, from 424-378-0210.

40. When Plaintiff answered the call, he heard a beep, followed by a longer than natural pause, and was then connected to a "Paul" who stated he worked for "The Home Group," based in Valley Village, and was soliciting the work of construction contractors.

41. **Call 2.** On or about June 13, 2022, at 12:07 PM Chicago time, Plaintiff received a telephone call from Defendant, from 424-410-8785.

42. When Plaintiff picked up the telephone, he heard a beep, followed by a longer than natural pause, followed by a "John Stevens" who stated he was with "SC Home Group" doing construction work in the area.

43. The call was made for the purposes of soliciting construction work projects.

44. Mr. Stevens, when asked to provide a website or licensing information, stated he did not have one, but would have one soon.

---

[3] This call was previously not identified in the first Complaint. Plaintiff has renumbered the call that appeared as Call 1 in the Complaint as Call 2, because he has identified that Defendants have called him in the past.

AMENDED COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 13

45. Mr. Stevens provided a call back number of 310-955-5813, which is different than the number called from.

46. When Plaintiff called the call back number on June 14, 2022, an immediate answering machine played message "you have reached the home group, please leave a message and we will get back to you shortly."

47. Plaintiff performed a search of the California State Licensing Board for "SC Home Group" and identified several active companies that have similar, but not identical, names. Similarly, a search of the California Corporation Database identifies no companies with that name.

48. Ultimately, in the course of this litigation, Plaintiff has identified that Defendants are actually operating an entity named All State, and that entity name was never provided to Plaintiff during the telephone calls. This was done in an effort to attempt to shield their identity from the individuals called in order to evade from the TCPA.

49. **Call 2**. On or about June 22, 2022, at 12:00 PM Chicago time, Plaintiff received a telephone call from Defendants.

50. **Call 3**. On or about July 7, 2022, at 12:04 PM Chicago time, Plaintiff received a telephone call from Defendant, from 310-750-4641.

AMENDED COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 14

51. **Call 4**. On or about July 12, 2022, at 12:11 PM Chicago time, Plaintiff received a telephone call from Defendant, from 310-709-1113.

52. **Call 5**. On or about July 13, 2022, at 12:14 PM Chicago time, Plaintiff received a telephone call from Defendant, from 310-709-1113.

53. **Call 6.** On or about July 14, 2022, at 11:33 AM Chicago time, Plaintiff received a telephone call from Defendants, from 310-709-1113.

54. Plaintiff answered Call 6, and after he heard a longer than natural pause, spoke with Mr. Stevens.

55. **Call 7.** On or about August 2, 2022, at 12:08 PM Chicago time, Plaintiff received a telephone call from Defendants, from 310-237-1541.

56. Each of the telephone calls identified above utilized an ATDS and was made without prior express written consent.

57. Each of the telephone calls identified above was made for the purpose of soliciting construction work service.

58. Pursuant to subpoenas granted by this Court, Plaintiff was able to identify the Defendants now named in this case as being responsible.

AMENDED COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 15

59. Specifically, as part of their telemarketing scheme, the Defendants have several telephone numbers on Grasshopper, which provides customized telephone numbers that can be forwarded to other phones.

60. The callback number which was provided to Plaintiff, which was the basis to identify the Defendants in this action, is paid for by Defendant Ohayon.

61. Defendant Ruffin's telephone number is who receives some of the telephone calls forwarded by the Grasshopper telephone numbers.

62. Defendant Ruffin, whose first name is Joseph, controls the e-mail address of allstatemarketingjoseph@gmail.com which is the one on file with Grasshopper for the account.

63. Courts have relied in part on the "the general tort rule that 'corporate officers or agents are personally liable for those torts which they personally commit, or which they inspire or participate in, even though performed in the name of an artificial body.'" *Universal Elections*, 787 F. Supp. 2d at 416 (internal citations omitted); *see also Am. Blastfax, Inc.*, 164 F. Supp. 2d at 898.

64. Defendant Ruffin participated in the conduct alleged herein by being the individual who maintained the e-mail address and telephone number which received the forwarded calls from the Grasshopper numbers.

AMENDED COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 16

65. On August 22, 2022, upon identifying named Defendants, Plaintiff attempted to confer with Defendants Ohayon and Ruffin concerning this case. Both Defendants utilized derogatory language and terminated the telephone calls.

66. Plaintiff requested Defendants Ohayon, Ruffin, and All State produce a copy of their do not call policy on August 22, 2022, in writing, and as of this filing, Defendants have failed to produce it.

67. Plaintiff believes that the caller did not properly state who they were from and is using ambiguous names to evade TCPA liability, which falls short of the TCPA regulations identification and disclosure requirements.

68. The above calls were made by Defendants for the purpose of soliciting the purchase or the sale of a product or service, specifically, repairs and construction work for homes.

69. The conduct alleged in this action was made willful and knowingly, including for example failing to fully disclose identity, the use of masked and spoofed telephone numbers, and the use of several telephone numbers to field telephone calls.

AMENDED COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 17

70. Plaintiff believes the telemarketing scheme relied upon by Defendants utilized a call center or other means of mass dialing using ATDS equipment and software to call individuals related to construction work, and if there was interest, would provide the individuals contact information to other entities engaging in construction work which are affiliated or have another business relationship with named Defendants. Named Defendants had several Grasshopper telephone numbers that they provided individuals to call back on, presumably because they were doing this within a large geographic region and needed several to accommodate the volume.

71. In fact, All State lists its type of business as "Advertising" and not construction with the secretary of state.

72. The TCPA requires telemarketers to provide training to its employees, contractors, etc., and Defendants have failed to properly train the same.

73. Defendants' phone calls utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.

74. The system(s) Defendants used to place the calls to Plaintiff is/are an ATDS because it would be illogical to dial a number manually, have the Plaintiff answer it, and only then play the Plaintiff a beep, followed by a longer than

AMENDED COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 18

natural pause, followed by a representative being connected, or in the alternative calling from a number that cannot be called back and is spoofed.

75. Plaintiff is ignorant of the exact process by which the system(s) used by the Defendants operate other than drawing the reasonable inference and making the allegation that it stores or produces telephone numbers randomly or possibly sequentially based on the facts ascertainable from the calls he received, as outlined above. Indeed, as at least one district court explained, "The newly clarified definition of an ATDS is more relevant to a summary judgment motion than at the pleading stage." *Gross v. GG Homes, Inc.*, No. 3:21-cv-00271-DMS-BGS, 2021 WL 2863623, at *7 (S.D. Cal. July 8, 2021); accord *Miles v. Medicredit, Inc.*, No. 4:20-cv- 01186-JAR, 2021 WL 2949565 (E.D. Mo. July 14, 2021).

76. Based on these facts, it is evident that Defendants do not maintain Do Not Call policies and procedures as required by law, nor do they maintain an internal Do Not Call list.

77. Plaintiff did not have a prior business relationship with Defendants.

78. Defendants did not have any consent to call Plaintiff.

79. Defendants are not an organization exempt from the TCPA.

AMENDED COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 19

80. Defendants' calls to Plaintiff were a "telephone solicitation."

81. Defendants' calls to Plaintiff were an "unsolicited advertisement."

82. Upon information and belief, Plaintiff received additional calls from Defendants and their affiliates not included above.

83. Plaintiff alleges that Defendants train their affiliates to avoid divulging too much information to leads and customers to evade TCPA liability.

84. For example, Defendants had at least eight (8) Grasshopper telephone numbers which they utilized as part of their telemarketing scheme.

85. Defendants made further efforts to conceal their identity by transmitting a deceptive telephone number with a local area telephone codes to Plaintiff's telephone caller identification ("Neighbor Spoofing"). Neighbor Spoofing is done to deceive the called party into believing the telemarketer is a local person or business, increasing the likelihood that the telemarketing call will be answered.

86. The impersonal and generic nature of the calls demonstrate Defendants utilized an ATDS and/or a pre-recorded voice in making the calls.

87. In total, Defendants and/or their affiliates placed at least seven (7) telephone solicitation calls to Plaintiff.

88. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation, and a sense that his privacy has been invaded by Defendants.

89. Defendants have a pattern and practice of failing to comply with the TCPA.

90. The foregoing acts and omissions were in violation of the TCPA.

91. Defendants are engaging in violations of the TCPA to get business.

92. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

93. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, Plaintiff is entitled to treble damages of up to $1,500.00 for each call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

94. The acts and omissions of Defendants constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

95. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

AMENDED COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 21

96. Plaintiff is also entitled to an award of costs.

97. Defendants' calls were not made for "emergency purposes."

98. Defendants' calls to Plaintiff were made without any prior express written consent.

99. Defendants contacted Plaintiff even though Plaintiff was on the Do Not Call Registry.

100.    Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton, and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

101.    The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively, and fraudulently and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

102.    As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

103.    Plaintiff, in discovery will better identify how many telephone calls were made by Defendants and or their agents or affiliates, and requests leave to amend the complaint after identifying the instance count.

AMENDED COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 22

**COUNT 1.** Violation of the TCPA's Automated Telemarketing Call Provisions,
47 U.S.C. § 227(b)(1)

104.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

105.    Defendants or one of their affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least seven (7) occasions in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.

106.    Plaintiff was statutorily damaged at least seven (7) occasions under 47 U.S.C. § 227(b)(3)(B) by the Defendants by the telephone calls described above, in the amount of $500.00 for each.

107.    Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $10,500.00 plus costs and any other remedy deemed appropriate.

AMENDED COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 23

**COUNT 2.** Violations concerning TCPA implementing regulations, including Do Not Call Registry, 47 C.F.R. § 64.1200

108.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

109.     The TCPA's implementing regulations require that the entities making telephone calls maintain written policies, available upon demand, concerning their do-not-call policy. 47 C.F.R. § 64.1200(d)(1).

110.     The TCPA's implementing regulations require that the entities making telephone calls train its personnel engaging in telemarketing. 47 C.F.R. § 64.1200(d)(2).

111.     The TCPA's implementing regulations require that the caller provide the called party the name of the individual caller, the name of the person or entity on whose behalf the call is made, and a telephone or address where the person may be reached. 47 C.F.R. § 64.1200(b); 47 C.F.R § 64.1200(d)(4).

112.     Defendants violated these provisions by failing to provide training to personnel including the caller on the rules concerning disclosure of identity and the required consent.

AMENDED COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 24

113.    By placing at least seven telemarketing calls to the Plaintiff, whose number is on the Do-Not-Call registry, failing to have a written Do-Not-Call policy, failing to maintain the Plaintiff on their Do-Not-Call list, failing to provide proper training to their employees, and failure to properly identify themselves, Defendants, jointly and severally, violated 47 U.S.C. § 227(c)(5) by violating the implementing regulations codified in 47 C.F.R. § 64.1200(c) and (d).

114.    This amounts to thirty-five (35) violations since Defendants committed five (5) violations per call. The first violation is calling a number on the national Do-Not-Call registry. 47 C.F.R. § 64.1200(c)(2). The second violation is by calling Plaintiff without having a Do-Not-Call policy in place and failing to provide such policy upon request. 47 C.F.R. § 64.1200(d)(1). The third violation is by calling Plaintiff without maintaining the Plaintiff on their internal Do-Not-Call list. 47 C.F.R. § 64.1200(d)(6). The fourth violation is by failing to provide the proper training to the calling individuals. 47 C.F.R. § 64.1200(d)(2). The fifth violation is failing to properly identify themselves. 47 C.F.R. § 64.1200(b); 47 C.F.R § 64.1200(d)(4).

115.     The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute at least six violations of the TCPA, 47 U.S.C. § 227(c), codified at 47 C.F.R. § 64.1200, by, inter alia, refusing to scrub against the National Do-Not-Call registry, refusing to maintain Plaintiff's number on an internal Do-Not-Call list, and failing to have a Do-Not-Call policy.

116.     As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on their behalf's violations of the TCPA, 47 U.S.C. § 227(c), Plaintiff is entitled to an award of $500 in damages for each and every call and violation made to his telephone number in violation of the TCPA's implementing regulations codified at 47 C.F.R. § 64.1200, pursuant to 47 U.S.C. § 227(c)(5)(B).

117.     Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on their behalf from violating the TCPA, 47 U.S.C. § 227(c), by making calls in violation of any of the TCPA's implementing regulations in the future.

118.     The Defendants' violations were knowing and/or willful. Accordingly, the Plaintiff seeks up to treble damages of the $500 per violation award, as provided in 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(c)(5).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $52,500.00 plus costs and any other remedy deemed appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendants, jointly and/or severally, in an amount to be more fully determined at trial, but at least $63,000.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered,

B. Statutory damages of $500.00 per call for every violation of 47 U.S.C. § 227(b),

C. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C) and 47 U.S.C. § 227(c)(5),

D. Statutory damages of $500 for each violation of 47 C.F.R. § 64.1200,

AMENDED COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 27

E. Treble statutory damages of $1,500.00 per violation of the TCPA's implementing regulations,

F. All reasonable attorneys' fees, witness fees, court costs, pre-judgment and post-judgment interest, and other litigation costs incurred by Plaintiff,

G. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future,

H. Leave to amend this Complaint to conform to the evidence presented at trial,

I. Any other relief this Court deems proper.

Respectfully submitted,

Dated: August 23, 2022

JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582

## CERTIFICATE OF SERVICE

The undersigned certifies that this document will be served pursuant to service of process.

JORGE ALEJANDRO ROJAS

AMENDED COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 28