UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JORGE ALEJANDRO ROJAS ,

Plaintiff(s),

v.

OWNER OF TELEPHONE NUMBER 310−955−5813, et al.

Defendant(s).

Case No. 2:22−cv−04100−FLA−PVC

**ORDER SETTING SCHEDULING CONFERENCE**

Date: November 18, 2022

Time: 1:00 p.m.

Courtroom: 6B

**PLEASE READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

This case has been assigned to United States District Judge Fernando L. Aenlle-Rocha. This matter is set for a Scheduling Conference on the above date in Courtroom 6B of the First Street Courthouse, 350 West 1st Street, Los Angeles, CA, 90012. If Plaintiff has not already served the operative complaint on all Defendants, Plaintiff shall do so promptly and shall file proofs of service of the summons and complaint within three (3) days thereafter. *See* Fed. R. Civ. P. 4; Local Rule 4. Defendants also shall timely serve and file their responsive pleadings and comply with the requirements of Local Rule 5-3.2. At the Scheduling

Conference, the court will set a date by which motions to amend the pleadings or add parties must be heard.

The Scheduling Conference will be held pursuant to Fed. R. Civ. P. 16(b). The parties are reminded of their obligations under Fed. R. Civ. P. 26(a)(1) to make initial disclosures without awaiting a discovery request, and under Fed. R. Civ. P. 26(f) to confer regarding a discovery plan at least twenty-one (21) days before the Scheduling Conference. The court encourages counsel to agree to begin to conduct discovery <u>before</u> the Scheduling Conference. At the very least, the parties shall comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) and obtain and produce most of what would be produced in the early stage of discovery as the court will impose strict deadlines to complete discovery at the Scheduling Conference.

## I. <u>Joint Rule 26(f) Report</u>

The Joint Rule 26(f) Report must be filed at least fourteen (14) days before the Scheduling Conference. The court does not require and discourages the submission of courtesy chambers copies of Joint Reports that have been electronically filed.

The Joint Rule 26(f) Report shall be drafted by Plaintiff (unless the parties agree otherwise) but shall be submitted and signed jointly. "Jointly" means a single report regardless of the number of separately represented parties involved in the case. The Joint Rule 26(f) Report shall specify the date of the Scheduling Conference on the caption page and shall report on all matters described below as specified by Fed. R. Civ. P. 26(f) and Local Rule 26:

a. <u>Statement of the Case</u>: A short synopsis (not to exceed two pages) of the main claims, counterclaims, and affirmative defenses.

b. <u>Subject Matter Jurisdiction</u>: A statement of the specific basis of federal jurisdiction, including supplemental jurisdiction. If there is a federal question, cite the federal law under which the claim arises.

///

c. Legal Issues: A brief description of the key legal issues, including any unusual substantive, procedural, or evidentiary issues.

d. Parties and Evidence: A list of parties, percipient witnesses, and key documents or other evidence concerning the main issues in the case. For conflict purposes, corporate parties must identify all subsidiaries, parents, and affiliates.

e. Damages: The realistic range of provable damages.

f. Insurance: Whether insurance coverage exists, the extent of coverage, and whether there has been or will be a reservation of rights.

g. Motions: A statement of the likelihood of motions seeking to add other parties or claims, file amended pleadings, transfer venue, or challenge the court's jurisdiction.

h. Dispositive Motions: A description of the issues or claims any party believes may be determined by motion to dismiss or motion for summary judgment. The parties should refer to the court's Standing Order for specific guidelines governing summary judgment motions.

i. Manual for Complex Litigation: Whether all or part of the procedures of the Manual for Complex Litigation should be utilized.

j. Status of Discovery: A discussion of the present state of discovery, including a summary of pending and completed discovery, and any current or anticipated disputes.

k. Discovery Plan: A detailed discovery plan, as contemplated by Fed. R. Civ. P. 26(f). State what, if any, changes in the disclosures under Fed. R. Civ. P. 26(a) should be made, the subjects on which discovery may be needed and whether discovery should be conducted in phases or otherwise be limited, whether applicable limitations should be changed or other limitations imposed, and whether the court should enter other orders. A statement that discovery will be conducted as to all claims and

defenses or other vague description is not acceptable.

l. Discovery Cut-off: A proposed discovery cut-off date governing the completion of all fact discovery, including resolution of all discovery motions.

m. Expert Discovery: Proposed dates for initial and rebuttal expert witness disclosures and expert discovery cut-off under Fed. R. Civ. P. 26(a)(2).

n. Settlement Conference / Alternative Dispute Resolution ("ADR"): A statement of what settlement negotiations have occurred, excluding any statement of the terms discussed. If a Notice to Parties of Court-Directed ADR Program (Form ADR-08) was filed in this case, the court will refer it to the magistrate judge, the Court Mediation Panel, or to private mediation at the parties' expense. The parties must state their preference in the Joint Rule 26(f) Report. The court will exercise its discretion to select an ADR option for the parties if they fail to state a preference. No case will proceed to trial unless all parties, including an officer with full settlement authority for corporate parties, have appeared personally at an ADR proceeding.

o. Trial Estimate: A realistic estimate, in days, of the court time required for trial and whether trial will be by jury or by the court. Each side should specify by number, not by name, the number of witnesses it contemplates calling. If the time estimate for trial given in the Joint Rule 26(f) Report exceeds four court days, counsel must address in detail in the Report the basis for the estimate.

p. Trial Counsel: The names of the attorneys who will try the case.

q. Independent Expert or Master: Whether the court should consider appointing a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert at the parties' expense. The appointment of a master may be appropriate in cases where the parties anticipate substantial

discovery disputes, numerous claims to be construed in connection with a summary judgment motion, a lengthy *Daubert* hearing, or a resolution of a difficult computation of damages.

r. Schedule Worksheet: The parties must make every effort to agree on all pretrial and trial dates and must complete the attached Schedule of Pretrial and Trial Dates Worksheet ("Worksheet") and include it with their Joint Rule 26(f) Report. The entries in the "Weeks Before FPTC" column reflect what the court believes is appropriate for most cases and will allow the court to rule on potentially dispositive motions sufficiently in advance of the Final Pretrial Conference. However, the parties may propose other dates by which the key requirements must be completed. Each date should be stated as month, day, and year, e.g., 1/15/2020. Hearings shall be on Fridays at 1:30 p.m. The Final Pretrial Conference shall be held at 3:00 p.m. Other deadlines that do not involve the court can be any day of the week. The parties must avoid holidays. The court may order different dates from those the parties propose. The discovery cut-off date is the last day by which all depositions must be completed, responses to previously served written discovery must be provided, and motions concerning discovery disputes must be heard. The cut-off date for motions is the last date on which motions must be heard, not filed. If the parties would like the court to set dates in addition to those listed on the Worksheet, they may so request by separate Stipulation and Proposed Order. Additional hearings are often appropriate for class actions, patent cases, and cases for benefits under the Employee Retirement Income Security Act of 1974 ("ERISA").

s. Other issues: A statement of any other issues affecting the status or management of the case, including unusually complicated technical or

technological issues, disputes over protective orders, extraordinarily voluminous document production, non-English speaking witnesses, reasonable ADA accommodations, discovery in foreign jurisdictions, the applicability of foreign law, the advanced age or health of parties or key witnesses, and any proposals concerning severance, bifurcation, or other ordering of proof.

The Joint Rule 26(f) Report should set forth the above-described information under section headings corresponding to those in this Order.

**II. Scheduling Conference**

a. Continuance: A request to continue the Scheduling Conference will be granted only for good cause.

b. Vacating the Scheduling Conference: The court may vacate the Scheduling Conference and issue the Scheduling Order based solely on the parties' Joint Rule 26(f) Report pursuant to Fed. R. Civ. P. 16(b).

c. Participation: If the court elects to conduct a scheduling conference, lead trial counsel must attend unless excused by the court for good cause before the conference.

d. Failure to Submit a Joint Report: The failure to submit a joint report in advance of the Scheduling Conference or to attend the Scheduling Conference may result in the dismissal of the action, striking the Answer and entering a default, and/or the imposition of sanctions.

**III. Notice to be Provided by Counsel**

Plaintiff's counsel or, if Plaintiff is appearing pro se, Defendant's counsel, shall provide this Order to any parties who first appear after the date of this Order and to parties who are known to exist but have not yet entered appearances.

**IV. Disclosures to Clients**

Counsel are ordered to deliver to their clients a copy of this Order and of the court's Order Re: Jury/Bench Trial, which will contain the schedule the court sets

at the Scheduling Conference.

**V. Court's Website**

This and all other generally applicable orders of this court are available on the Central District of California website, www.cacd.uscourts.gov.

The Local Rules are also available on the court's website at https://www.cacd.uscourts.gov/court-procedures/local-rules.

Parties appearing pro se must comply with the Federal Rules of Civil Procedure and the Local Rules. *See* Local Rule 1-3, 83-2.2.3.

The court thanks the parties and their counsel for their anticipated cooperation.

IT IS SO ORDERED.

Dated: September 19, 2022

FERNANDO L. AENLLE-ROCHA
United States District Judge

**DISTRICT JUDGE FERNANDO L. AENLLE-ROCHA**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.
The parties must make every effort to agree on dates or the court will set them.

| **Case No.** | **Case Name:** | | |
|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** |
| Check one: ☐ Jury Trial or ☐ Bench Trial<br>[Tuesday at 8:30 a.m. within 12-15 months of Scheduling Conference based on complexity]<br>Estimated Duration: _______ Days | | | |
| Final Pretrial Conference ("FPTC" [L.R. 16], Hearing on Motions in Limine<br>[Friday at 3:00 p.m. at least 18 days before trial] | | | |
| **Event [1]**<br>Note: Hearings shall be on Fridays at 1:30 p.m.<br>Other dates can be any day of the week | **Time Computation[2]** | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** |
| Last Date to Hear Motion to Amend Pleadings or Add Parties [Friday] | 91 days after scheduling conference | | |
| Fact Discovery Cut-Off<br>(no later than deadline for filing dispositive motion) | 17 weeks before FPTC | | |
| Expert Disclosure (Initial) | 16 weeks before FPTC | | |
| Expert Disclosure (Rebuttal) | 14 weeks before FPTC | | |
| Expert Discovery Cut-Off | 12 weeks before FPTC[3] | | |
| Last Date to Hear Motions [Friday]<br>• Rule 56 Motion due at least 5 weeks before hearing<br>• Opposition due 2 weeks after Motion is filed<br>• Reply due 1 week after Opposition is filed | 8 weeks before FPTC | | |
| Deadline to Complete Settlement Conference [L.R. 16-15]<br>Select one: ☐ 1. Magistrate Judge (with Court approval)<br>☐ 2. Court Mediation Panel<br>☐ 3. Private Mediation | 5 weeks before FPTC | | |
| Trial Filings (first round) [Friday]<br>• Motions in Limine<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only)<br>• Declarations containing Direct Testimony, if ordered (bench trial only) | 4 weeks before FPTC | | |
| Trial Filings (second round) [Friday]<br>• Oppositions to Motions In Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint Agreed Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed Voir Dire Questions, if any (jury trial only)<br>• Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | 2 weeks before FPTC | | |

[1] The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order.

[2] The numbers below represent the court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. Class Actions, patent, and ERISA cases may need to vary from the above.

[3] The parties may choose to cut off expert discovery prior to the deadline to file a motion for summary judgment.